Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7198 | **DATE** | 10/18/2012 |
| **CASE TITLE** | Okara, et al. vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

For reasons set forth in the Statement portion of this order, Sheila J. Okara's renewed "Application for Leave to Proceed *In Forma Pauperis*" [8] is granted and Falon Harris's "Application for Leave to Proceed *In Forma Pauperis*" [9] is denied. Harris is sua sponte dismissed as a plaintiff in this lawsuit. Okara's "Motion for Appointment of Counsel" [5] is denied without prejudice. Okara may seek leave to file a renewed motion for appointment of counsel at a later date, once the court is better able to determine the need for professional assistance in this case.

The Clerk of Court is directed to docket Okara's Complaint without payment of the $350 filing fee. Okara is to provide the U.S. Marshals Service with a copy of the Complaint and a proper form for service on the named defendants. The Marshal is requested to serve the Complaint and appropriate papers on the named defendants in accordance with N.D. Ill. Local Rule 4. This case is set for a report on status at 9:00 a.m. on 11/13/2012.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On September 10, 2012, plaintiffs Sheila J. Okara ("Okara") and Falon Harris ("Harris") (together "Plaintiffs") filed a Complaint alleging that the City of Chicago discriminated against its employee, Okara, because of her race, color, and sex, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Along with the Complaint, Plaintiffs filed Okara's Application for Leave to Proceed *In Forma Pauperis* ("IFP") and her supporting financial affidavit. (Dkt. No. 4.) On September 17, 2012, the court denied Okara's application for leave to proceed IFP, without prejudice, because the application did not have any information about co-plaintiff Harris's financial circumstances. The court further noted at the time, "It is also unclear what claims Harris is asserting against the City of Chicago, insofar as the EEOC charge and all allegations in the Complaint appear to pertain only to Okara." (Dkt. No. 6.) Plaintiffs were invited to file an Amended Original Complaint listing only Okara as a plaintiff in this lawsuit, but declined the opportunity to do so. Now pending before the court are Okara's renewed Application for Leave to Proceed IFP and supporting financial affidavit (Dkt. No. 8) and Harris's Application for Leave to Proceed IFP and supporting financial affidavit (Dkt. No. 9).

Section § 1915(a)(1) permits this court to authorize the commencement of a lawsuit without the prepayment of fees "by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, the court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the

action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2); *See Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of § 1915 to cases brought by non-prisoners).

Because the Complaint includes no allegations pertaining to Harris, other than Harris's alleged status as a "plaintiff," the court finds that Harris has failed to state a claim for which relief can be granted. Title VII permits "the person claiming to be aggrieved" to bring a civil action against the respondent to an EEOC charge, 42 U.S.C. § 2000e-5(f)(1), but Harris is not the person claiming to be aggrieved in this case. To the extent Harris may *also* have claims against the City of Chicago, Noureen Cooney, or Lou Chavez, Harris will need to file a separate lawsuit with appropriate supporting documentation. The court denies Harris leave to proceed without the prepayment of fees in this lawsuit and sua sponte dismisses Harris as a plaintiff in this case.

Okara is currently employed by the City of Chicago, where she makes $350 per month. Okara also receives $261 per month in unemployment benefits. She pays $263 per month in car payments for her 2005 Mecury Mariner, currently valued at $3,000, and does not own any real property or list any other assets in her financial affidavit. Okara lives with her daughter and granddaughter, whom she lists as dependents. Based on these sworn allegations, the court finds that Okara is indigent and unable to pay the $350 civil filing fee in this case. Because the court, after review of the allegations, has no basis to believe that Okara's action is frivolous, fails to state a claim, or seeks monetary relief against an immune defendant, Okara's application for leave to proceed *in forma pauperis* is granted.

Also pending before the court is Okara's "Motion for Appointment of Counsel." (Dkt. No. 5.) Federal courts are authorized to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). While the court's decision to appoint counsel is discretionary, the Seventh Circuit has directed trial courts to follow a two-step approach, asking "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "The first step in this analysis . . . is a threshold question the district court must ask before ruling on a § 1915(e)(1) motion." *Id.* at 655.

Okara explains in her motion for appointment of counsel that she has contacted multiple attorneys, but "no attorney would take my case because they said I have a union." (Mot. ¶ 2.) Okara further explains, "the union states that they don't take cases like this." (*Id.*) The court finds that Okara has made a reasonable attempt to obtain counsel in this case. However, at this point in the proceedings, it appears to the court that neither the level of investigation needed to support Okara's claims nor the complexity of the legal matters involved appear so difficult that Okara should be assumed incompetent to litigate the case herself. This is particularly true in light of the leniency shown towards *pro se* litigants. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) ("That courts are required to give liberal construction to *pro se* pleadings is well established."). Okara appears to have had no difficulty in filing her Title VII claims or filling out and attaching the necessary forms. Okara also reports that she has completed "some college." (Mot. ¶ 5.) Accordingly, Okara's motion for appointment of counsel is denied without prejudice. Okara may seek leave to file a renewed motion for appointment of counsel at a later date, once the court is better able to determine the need for professional assistance in this case.

| | Courtroom Deputy Initials: | NTF |
|---|---|---|